IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEVIN DEWAYNE LEE, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:09-CV-022-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Kevin Dewayne Lee, TDCJ-ID #791487, is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Fort Stockton, Texas.

Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.	PROCEDURAL HISTORY**

In January 1997, Lee was convicted of two instances of felony escape in the 43rd District Court of Parker County, Texas. By way of the instant petition, he challenges his conviction in Cause No. 12371. (Petition at 2) Lee sought post-conviction relief challenging the conviction, including two previous federal petitions for writ of habeas corpus.[1]

**D.	SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3); *In re Johnson*, 322 F.3d 881, 882 (5th Cir. 2003).

From the face of the instant petition and court records of which this Court can take judicial notice, it is apparent that this is a successive petition filed without authorization from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(1)-(3). This Court is, therefore, without jurisdiction to consider the petition. *Id.*; *In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[2]

---

[1] The instant petition is Lee's fourth petition for writ of habeas corpus filed in federal court pursuant to 28 U.S.C. § 2254. In two of his previous petitions, Lee challenged on substantive grounds the same conviction for felony escape that he challenges herein. *See Lee v. Dretke*, Civil Action No. 4:04-CV-444-Y; *Lee v. Johnson*, Civil Action No. 4:99-CV-0354-Y.

[2] Because the Court lacks jurisdiction to consider the petition, the Court makes no ruling or recommendation on Lee's Application To Proceed In Forma Pauperis.

## II. RECOMMENDATION

It is recommended that Lee's petition for writ of habeas corpus under 28 U.S.C. §2254 be DISMISSED without prejudice to his right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 15, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 15, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 26, 2009.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE